**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ALAN MICHAEL HICKS,

    **Plaintiff,**

v.                                                               CASE NO. 19-3127-SAC

JOHNSON COUNTY ADULT
DETENTION CENTER, et al.,

    **Defendants.**

**<u>MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE</u>**

Plaintiff Alan Michael Hicks is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Complaint should not be dismissed due to the deficiencies that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is confined at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges that on June 23, 2019, he slipped on water that was on the day room floor without a wet floor sign. Plaintiff alleges that he hit his head, neck and right elbow on the floor, and was taken to the Olathe Medical Center where he received an MRI and an x-ray. Plaintiff alleges that other staff member almost slipped on the same spot four days later. On June 23, 2019, Plaintiff put in a sick call due to pain from his injuries and during med-call he was given ibuprofen. Plaintiff also complained about pain on June 29, June 30, and July 4, 2019.

Plaintiff names as Defendants the JCADC and the Johnson County Sheriff. Plaintiff seeks $250,000 in damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Constitutional Violation

Plaintiff acknowledges that he received medical care after his injury. His claim, however,

is based on the lack of a "wet floor" sign warning him of the water on the floor. This claim fails to state a constitutional violation. At most, this claim suggests negligence, which is a state law cause of action.

"[A]llegations of a slip and fall are simply insufficient to state [a] claim under the Eighth Amendment." *Griffin v. Easter*, No. 14-3043-SAC, 2014 WL 1478496, at *4 (D. Kan. April 15, 2014) (citing *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . ."); *see Flandro v. Salt Lake Cty. Jail*, 53 F. App'x 499, 500–501 (10th Cir. 2002) (noting that cases from other jurisdictions have held that slippery floors do not violate the Eighth Amendment and stating that "a serious injury by itself does not necessarily render a condition excessively or even substantially risky"); *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on pillow negligently left on a stairway by sheriff's deputy failed to allege constitutional violation); *Benson v. Central New Mexico Corr. Facility*, 2017 WL 5989195, at *3 (D. N.M. Dec. 1, 2017) ("The federal courts have consistently held that allegations a prisoner slipped and fell as a result of slippery conditions in the prison do not rise to the level of an Eighth Amendment violation.") (citations omitted); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (citation omitted).

Plaintiff's claim regarding the lack of a warning sign is insufficient to state a constitutional violation. *See Bacon v. Carroll,* 232 F. App'x 158, 160 (3d Cir. 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); *Davis v. Dallas Cty.,* No. 3:06-cv-0174-K, 2006 WL 3019244, at *3 (N.D. Tex. Oct. 23, 2006) (plaintiff's allegations that he slipped and fell on floor that was wet and

in ill repair, and that there should have been signs, ropes, or cones to warn him of the dangerous condition, failed to state Eighth Amendment claim); *Quine v. Livingston,* No. Civ. A., H-06-1426, 2006 WL 1662920, at *1–2 (S.D. Tex. June 12, 2006) (inmate's slip and fall claim premised on failure to place "wet floor" signs around ice machine to warn of dangerous conditions constituted a "garden-variety" negligence claim that did not present issue of constitutional dimension); *Isom v. McDowell Cty. Corrs. Medical Servs.*, No. 1:07-00212, 2008 WL 2725093, at *3 (S.D. W.Va. July 11, 2008) (finding that failure to put out wet floor signs did not show deprivation of right protected by the Constitution or laws of the United States and was therefore not cognizable under § 1983); *Washington v. Vannoy*, No. 15-749-SDD-RLB, 2017 WL 525672, at *3 (M.D. La. Jan. 3, 2017) (claim of deliberate indifference to safety due to the lack of a "Wet Floor" warning sign, at most, raises nothing more than negligence).

## 2. Detention Facility

Plaintiff names the JCADC as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the JCADC are

subject to dismissal.

**3. Personal Participation**

Plaintiff has failed to allege how the Johnson County Sheriff personally participated in the deprivation of his constitutional rights, and appears to rely on the supervisory status of the Sheriff. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors

necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff's claims against the Johnson County Sheriff are subject to dismissal.

**IV. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **October 18, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 24th day of September, 2019.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**