# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ALAN MICHAEL HICKS,**

    **Plaintiff,**

v.                                                 **CASE NO. 19-3127-SAC**

**JOHNSON COUNTY ADULT**
**DETENTION CENTER, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is confined at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed *in forma pauperis*. On September 24, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 5).

Plaintiff alleges that on June 23, 2019, he slipped on water that was on the day room floor without a wet floor sign. Plaintiff alleges that he hit his head, neck and right elbow on the floor, and was taken to the Olathe Medical Center where he received an MRI and an x-ray. Plaintiff alleges that other staff member almost slipped on the same spot four days later. On June 23, 2019, Plaintiff put in a sick call due to pain from his injuries and during med-call he was given ibuprofen. Plaintiff also complained about pain on June 29, June 30, and July 4, 2019.

Plaintiff names as Defendants the JCADC and the Johnson County Sheriff. Plaintiff seeks $250,000 in damages.

In the MOSC the Court found that Plaintiff's claim fails to state a constitutional violation.

1

At most, this claim suggests negligence, which is a state law cause of action. "[A]llegations of a slip and fall are simply insufficient to state [a] claim under the Eighth Amendment." *Griffin v. Easter*, No. 14-3043-SAC, 2014 WL 1478496, at *4 (D. Kan. April 15, 2014) (citing *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, "[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . ."); *see Flandro v. Salt Lake Cty. Jail*, 53 F. App'x 499, 500–501 (10th Cir. 2002) (noting that cases from other jurisdictions have held that slippery floors do not violate the Eighth Amendment and stating that "a serious injury by itself does not necessarily render a condition excessively or even substantially risky"); *see also Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on pillow negligently left on a stairway by sheriff's deputy failed to allege constitutional violation); *Benson v. Central New Mexico Corr. Facility*, 2017 WL 5989195, at *3 (D. N.M. Dec. 1, 2017) ("The federal courts have consistently held that allegations a prisoner slipped and fell as a result of slippery conditions in the prison do not rise to the level of an Eighth Amendment violation.") (citations omitted); *see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (citation omitted).

Plaintiff's claim regarding the lack of a warning sign is insufficient to state a constitutional violation. *See Bacon v. Carroll,* 232 F. App'x 158, 160 (3d Cir. 2007) (prisoner's assertion that prison officials failed to warn him of wet floor stated claim of mere negligence and not constitutional violation); *Davis v. Dallas Cty.,* No. 3:06-cv-0174-K, 2006 WL 3019244, at *3 (N.D. Tex. Oct. 23, 2006) (plaintiff's allegations that he slipped and fell on floor that was wet and in ill repair, and that there should have been signs, ropes, or cones to warn him of the dangerous condition, failed to state Eighth Amendment claim); *Quine v. Livingston,* No. Civ. A., H-06-1426, 2006 WL 1662920, at *1–2 (S.D. Tex. June 12, 2006) (inmate's slip and fall claim premised on

failure to place "wet floor" signs around ice machine to warn of dangerous conditions constituted a "garden-variety" negligence claim that did not present issue of constitutional dimension); *Isom v. McDowell Cty. Corrs. Medical Servs.*, No. 1:07-00212, 2008 WL 2725093, at *3 (S.D. W.Va. July 11, 2008) (finding that failure to put out wet floor signs did not show deprivation of right protected by the Constitution or laws of the United States and was therefore not cognizable under § 1983); *Washington v. Vannoy*, No. 15-749-SDD-RLB, 2017 WL 525672, at *3 (M.D. La. Jan. 3, 2017) (claim of deliberate indifference to safety due to the lack of a "Wet Floor" warning sign, at most, raises nothing more than negligence).

The Court also found that Plaintiff's claim against the JCADC is subject to dismissal because prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983."). Plaintiff's claims against the JCADC are subject to dismissal.

The Court also found that Plaintiff failed to allege how the Johnson County Sheriff personally participated in the deprivation of his constitutional rights, and appears to rely on the supervisory status of the Sheriff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Mere supervisory status is insufficient to create personal liability. *Duffield v.*

*Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).

In his Response, Plaintiff alleges that he was taken to solitary confinement for complaining and stating that he was going to file a § 1983 lawsuit. Plaintiff alleges that he was in solitary confinement for twenty days because staff felt like he faked his injuries from the slip and fall. Plaintiff then alleges that he was not given utensils to eat with on the second and third day he was in solitary confinement, and he was told to "use his hands." Plaintiff alleges that he was "mentally and emotionally injured" during his twenty days in solitary confinement. Plaintiff's response fails to address any of the deficiencies set forth in the MOSC. Instead, he seems to suggest he was retaliated against and he was subjected to cruel and unusual punishment while in solitary confinement. These allegations have nothing to do with the claims or defendants named in his Complaint.

These new allegations also fail to state a claim under § 1983. Plaintiff fails to state a claim of retaliation. "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper." *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted). The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted). Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)). To the extent Plaintiff seeks to now raise a claim of retaliation, he fails to state a plausible claim.

Plaintiff's allegations regarding his conditions in solitary confinement also fail to state a claim. A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth

Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff has also failed to allege "deliberate indifference" by staff at the JCADC.

Plaintiff's response fails to address the deficiencies set forth in the MOSC. Instead, he alleges that he suffered mental and emotional injuries as a result of his twenty days in solitary confinement. Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff has failed to address the deficiencies set forth in the MOSC and has failed to state a claim for relief.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated February 12, 2020, in Topeka, Kansas.**

s/   Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**